THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v.
DAVID ACEVEDO, Defendant-Appellant.

Third District   No. 3—89—0110

Opinion filed December 8, 1989.

David Acevedo, of Galesburg, appellant *pro se.*

Tony L. Brasel, Special Prosecutor, of Watseka (Terry A. Mertel, of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE SCOTT delivered the opinion of the court:

A jury convicted the defendant, David Acevedo, of unlawful possession of a controlled substance with the intent to deliver (Ill. Rev. Stat. 1987, ch. 56½, par. 1401(b)(2)). The trial court sentenced him to 11 years in prison and fined him $100,000. He appeals, initially arguing that his counsel labored under a *per se* conflict of interest.

In relevant part, the record reveals that on May 3, 1988, the defendant was charged by an information signed by Assistant State's

Attorney Mark B. Thompson and presented by State's Attorney Tony Brasel. On May 6, 1988, the court found that the defendant was indigent and appointed attorney Ronald Boyer to represent him. Throughout the remainder of the case, Boyer continued representing the defendant. Brasel, who was appointed special prosecutor prior to trial, continued appearing on the State's behalf. Thompson never appeared on the State's behalf in connection with the instant case, and the record does not indicate that he had any contact with the case other than signing the information. Sometime prior to trial, Thompson became associated with Boyer in the practice of law. However, the record does not show that Thompson ever appeared on behalf of the defendant or had any input into the defense of the defendant.

The *pro se* defendant contends that he was denied his right to the effective assistance of counsel. Specifically, he argues that his counsel labored under a *per se* conflict of interest because his law partner had participated in the prosecution of the case.

■ We note that the Illinois Supreme Court in *People v. Spreitzer* (1988), 123 Ill. 2d 1, 525 N.E.2d 30, was recently confronted with a similar issue. In *Spreitzer*, the public defender's office was appointed to represent the defendant and the case was eventually assigned to assistant public defender Carol Anfinson. About the time Anfinson was assigned the case, Peter Dockery, a former assistant State's Attorney who was "very much involved" in the decision to charge the defendant with murder, was hired as an assistant public defender. Sometime prior to trial, Dockery was promoted to Du Page County public defender and his name began appearing as the defendant's attorney on pleadings filed by the defense. The defendant argued that a *per se* conflict of interest was created, based on Dockery's personal prosecutorial involvement and his subsequent association with Anfinson.

The *Spreitzer* court, in holding that the *per se* conflict of interest analysis should not be applied to the facts before it, found that the asserted conflict involved a choice between the interests of a client and the interests of a colleague. The court noted, however, that unlike the *per se* cases, the conflict did not involve a direct conflict between the interests of two opposing clients or between a present client and a past personal commitment. Moreover, the court further noted that Anfinson would not have to attack anything she had personally done, and therefore, the rationale enunciated in *People v. Kester* (1977), 66 Ill. 2d 162, 361 N.E.2d 569, was inapplicable.

In the instant case, we find that *Spreitzer* is controlling and that, therefore, no *per se* conflict of interest existed. Accordingly, it was in-

cumbent upon the defendant to show that there was an actual conflict demonstrated by the performance of his counsel at trial. (*People v. Spreitzer* (1988), 123 Ill. 2d 1, 525 N.E.2d 30.) We note that the defendant's brief contains a number of allegations that are either speculative, conclusory, or unsupported by the record, to the effect that his counsel's performance at trial was hampered. We find that his contentions are meritless and do not stem from any conflict.

The defendant next argues that his trial counsel was ineffective. Specifically, he argues that (1) counsel failed to have a complete discussion with him about the merits of his case; (2) counsel failed to locate a favorable defense witness; (3) counsel failed to provide the defendant with copies of the reports and transcripts relative to the case; (4) counsel made prejudicial statements to the jury which were not discussed with or authorized by the defendant; and (5) counsel did not allow the defendant to make an informed choice regarding his decision of whether to testify.

■ We note that a defendant waives an issue on appeal if he fails to give factual support for his position by citation to the record (*People v. Trimble* (1989), 181 Ill. App. 3d 355, 537 N.E.2d 363), or fails to cite authority in support of his argument (*People v. Ramirez* (1983), 98 Ill. 2d 439, 457 N.E.2d 31). In the instant case, the defendant failed to support his arguments with appropriate authority and record references. Accordingly, we find that he has waived this issue. Nonetheless, we further note that having considered the defendant's *pro se* contentions in light of the relevant authority and the facts presented in the record, we find them meritless.

Accordingly, the judgment of the circuit court of Iroquois County is affirmed.

Affirmed.

WOMBACHER, P.J., and BARRY, J., concur.