THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. DANIEL FRANK LARA, Defendant-Appellant.

Third District    No. 3—98—0966

Opinion filed December 22, 2000.

Peter A. Carusona, of State Appellate Defender's Office, of Ottawa, for appellant.

Marshall E. Douglas, State's Attorney, of Rock Island (John X. Breslin

and Richard T. Leonard, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE HOLDRIDGE delivered the opinion of the court:

A Rock Island jury convicted the defendant, Daniel Frank Lara, of residential burglary (720 ILCS 5/19—3 (West 1992)). The court subsequently imposed a 30-year, extended-term prison sentence. On direct appeal, the defendant challenged the severity of his sentence and this court affirmed. *People v. Lara*, No. 3—94—0250 (1995) (unpublished order under Supreme Court Rule 23).

Prior to the disposition of his direct appeal, the defendant filed a *pro se* petition for postconviction relief. The circuit court dismissed the petition. The defendant appeals and we affirm.

## FACTUAL BACKGROUND

On October 17, 1994, the defendant filed a four-part *pro se* petition for postconviction relief and requested appointment of counsel. He claimed that: (a) he was deprived of a fair trial; (b) his guilt was not proven beyond a reasonable doubt; (c) he was deprived of effective assistance of counsel; and (d) he was denied a fair sentencing hearing. After 90 days had passed, the State moved to dismiss the petition. On August 3, 1995, the circuit court appointed counsel for the defendant.

Appointed counsel took no action on the petition. Subsequently, on July 25, 1997, the defendant filed a motion for leave to amend, seeking to supplement his claim of ineffective assistance of trial counsel with allegations that counsel had failed to advise him of the possibility of an extended-term sentence.

The record shows that on July 30, 1997, the circuit court dismissed with prejudice parts A, B, and D of the petition, finding those allegations to be "frivolous and patently without merit." The court also dismissed part C of the petition, but gave the defendant leave to amend that part and appointed new postconviction counsel. The court further granted an evidentiary hearing on the ineffective assistance of counsel claim raised in the defendant's July 25 motion to amend the petition.

Appointed counsel subsequently certified that evidence would not support the defendant's claim on part C of his original petition, and that part was dismissed.

On November 10, 1998, an evidentiary hearing was held on the defendant's claim that trial counsel provided ineffective assistance by failing to advise the defendant of the possibility of an extended-term sentence. The defendant testified that trial counsel told him that the State offered 10 years for a guilty plea and that if he went to trial the court would not sentence him to more than 15 years. He said counsel

never informed him that he could receive a maximum extended-term sentence of 30 years.

Probation officer Charles Reynolds, who prepared the defendant's presentence investigation report, testified that the defendant told him that the maximum sentence he could get was 18 years, and the State had offered 15 years. The defendant told Reynolds that this was why he had taken the case to trial. Later, after the defendant's 30-year sentence was imposed, Reynolds spoke with the prosecutor about the defendant's sentence and learned about the extended-term provision.

Trial counsel Sharon Pulsifer testified that the State had offered 10 years on the plea; however, the defendant insisted on going to trial. She could not recall specifically discussing the extended-term provisions with the defendant, although she said it was her policy to discuss possible penalties when a plea offer was on the table. Pulsifer admitted that the defendant had expressed surprise when the 30-year sentence was imposed.

At the close of the hearing, the trial court ruled that the ineffective assistance claim was not proved because there was no showing of a reasonable probability that the defendant would have accepted the plea bargain. Accordingly, the court denied postconviction relief.

## ANALYSIS

The defendant's first argument on appeal is that the trial court erred in summarily dismissing parts A, B, and D of his petition more than 90 days after the petition was filed. In response, the State argues that the defendant's *pro se* amendment restarted the 90-day window for the trial court's first-stage review. See *People v. Watson*, 187 Ill. 2d 448, 451 (1999).

■ The Post-Conviction Hearing Act (Act) (725 ILCS 5/122—1 *et seq.* (West 1996)) establishes a three-stage process for adjudicating postconviction petitions. Within the first 90 days after the petition is filed, the trial court conducts an independent review of the claims to determine whether the petition is frivolous or patently without merit. If it is, the petition should be summarily dismissed. 725 ILCS 5/122—2.1(a)(2) (West 1996). A summary dismissal entered more than 90 days after the petition was filed is void, unless the defendant requested leave to amend within the period for the trial court's first-stage review. Compare *People v. Porter*, 122 Ill. 2d 64, 85 (1988), with *Watson*, 187 Ill. 2d at 451.

If the petition is not summarily dismissed within the 90-day period, the trial court must appoint counsel if the defendant is indigent and has requested counsel. 725 ILCS 5/122—4 (West 1996). Counsel must be afforded an opportunity to amend the petition. *People v.*

*Dredge*, 148 Ill. App. 3d 911, 912 (1986). The State must answer or move to dismiss the petition, and the court may dismiss based on the pleadings at this stage without an evidentiary hearing. 725 ILCS 5/122—5 (West 1996). If the petition is not dismissed at the second stage, the cause advances to a third-stage evidentiary hearing, at the conclusion of which the court may grant or deny the relief requested. 725 ILCS 5/122—6 (West 1996).

■ In this case, the defendant maintains that the trial court improperly entered a first-stage dismissal after the expiration of the 90-day period. However, a careful review of the record establishes that the trial court properly entered a second-stage dismissal. The defendant is correct in asserting that the trial court took no action during the first 90 days. However, the petition then proceeded to the second stage where the State moved for dismissal and the trial court appointed counsel. Counsel was given an opportunity to amend the petition and respond to the State's motion to dismiss. Counsel failed to take any action. The trial court then considered the pleadings on file and after taking additional evidence at hearing, dismissed the petition.

Although the trial court used the phraseology "frivolous and patently without merit" that is associated with a first-stage dismissal, the record clearly establishes that the dismissal was done in full observation of the procedural requirements of a second-stage proceeding. The State filed a motion to dismiss the petition, something that cannot be done during the first stage. The defendant was appointed counsel and given an opportunity to amend his original petition or answer the State's motion. That none of these opportunities were accepted does not render the trial court's ruling void. We find, therefore, that a proper stage-two dismissal occurred, and we affirm the trail court's ruling.

In the instant matter, portions of the defendant's petition were dismissed at the second stage and a portion was allowed to continue to a third-stage evidentiary hearing. We find nothing improper in a partial dismissal at the second stage. We note that this court, in *People v. Rivera*, 315 Ill. App. 3d 454, 457 (2000), held that partial dismissals of postconviction petitions at the first stage are improper. The *Rivera* court reasoned that permitting partial dismissals at the first stage might dissuade appointed counsel from raising otherwise meritorious issues in an amended petition. As this concern is not present in partial dismissals at the second stage, we find nothing improper with partial dismissals at the second stage.

■ Next, the defendant argues that the court's denial of his claim of ineffective assistance of counsel was error. On appeal from the denial of postconviction relief after an evidentiary hearing, this court

will not reverse unless the trial court's decision was manifestly erroneous. *People v. Coleman*, 183 Ill. 2d 366, 385 (1998).

In denying the defendant's claim of ineffective assistance, the trial court concluded that the defendant had not proven prejudice, *i.e.*, that the trial counsel's allegedly deficient representation would have affected the result of the proceedings. The court believed that, whether the defendant was told that he faced a possible 15- , 18- , or 30-year prison sentence, he was adamant about rejecting the plea bargain and going to trial. Based upon our careful review of the record, we cannot say that the trial court's conclusion that the defendant was not prejudiced by counsel's alleged deficient performance was manifestly erroneous. Accordingly, we affirm the denial of the defendant's claim of ineffective assistance of counsel. See *People v. Jackson*, 213 Ill. App. 3d 806, 808 (1991).

## CONCLUSION

For the reasons stated, the judgment of the circuit court of Rock Island County is affirmed.

Affirmed.

SLATER, P.J., and HOMER, J., concur.