NOTICE
Decision filed 01/11/06. The text of
this decision may be changed or
corrected prior to the filing of a
Petition for Rehearing or the
disposition of the same.

NO. 5-03-0117

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

_____

| | |
|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) Appeal from the |
| | ) Circuit Court of |
| *Plaintiff-Appellee,* | ) Marion County. |
| | ) |
| v. | ) No. 86-CF-125 |
| | ) |
| FRANK VOLKMAR, | ) Honorable |
| | ) Dennis E. Middendorff, |
| Defendant-Appellant. | ) Judge, presiding. |

_____

JUSTICE WELCH delivered the opinion of the court:

We revisit this case on remand from the Illinois Supreme Court, which, upon the denial of a petition for leave to appeal and in the exercise of its supervisory authority, directed us to determine whether the postconviction petition of the defendant, Frank Volkmar, was dismissed at the first stage or second stage of postconviction proceedings and to address the propriety of that dismissal in light of *People v. Blair*, 215 Ill. 2d 427 (2005). *People v. Volkmar*, 216 Ill. 2d 730 (2005) (supervisory order). The circuit court of Marion County had dismissed the defendant's amended postconviction petition on the grounds of waiver, *res judicata*, and untimeliness. On appeal to this court, the parties raised the issue of whether the circuit court's dismissal of the amended postconviction petition was a first- or second-stage dismissal. We found it unnecessary to decide that issue because, we held, in either event the dismissal of the petition was error.

In our previous disposition of this cause (*People v. Volkmar*, No. 5-03-0117 (2004) (unpublished order under Supreme Court Rule 23 (166 Ill. 2d R. 23))), we held that if the petition was dismissed as frivolous or patently without merit at the first stage of the

1

proceedings, it was error because waiver, *res judicata*, and untimeliness were not proper grounds for a summary dismissal at the first stage of postconviction proceedings. We also held that if the petition was dismissed at the second stage of the proceedings, it was error because a dismissal at that stage was not proper in the absence of a motion to dismiss by the State. Accordingly, we reversed the dismissal of the defendant's amended postconviction petition and remanded the cause to the circuit court of Marion County for further proceedings on the petition.

Subsequent to our decision, the supreme court ruled in *Blair*, 215 Ill. 2d at 442, that a postconviction petition may be summarily dismissed at the first stage of postconviction proceedings on the grounds of waiver or *res judicata*. The State's petition for leave to appeal our decision to the supreme court was denied, but in the exercise of its supervisory authority, the supreme court has directed us to determine whether the defendant's petition was dismissed at the first or second stage of postconviction proceedings and to address the propriety of that dismissal in light of *Blair*. We find that the defendant's petition was dismissed at the second stage of postconviction proceedings, when a dismissal on the grounds of waiver, *res judicata*, or untimeliness is only appropriate on the motion of the State. Because the State had not filed such a motion, we reverse the dismissal of the defendant's postconviction petition and remand this cause to the circuit court of Marion County for further proceedings on the postconviction petition.

The defendant's conviction and 60-year prison term for first-degree murder were affirmed by this court on direct appeal in *People v. Volkmar*, 183 Ill. App. 3d 149 (1989). On April 22, 2002, the defendant filed in the circuit court of Marion County a *pro se* petition pursuant to the Post-Conviction Hearing Act (Act) (725 ILCS 5/122-1 *et seq.* (West 2004)), alleging that his sentence violated *Apprendi v. New Jersey*, 530 U.S. 466, 147 L. Ed. 2d 435, 120 S. Ct. 2348 (2000). He contemporaneously sought leave to proceed as a poor person and

2

sought the appointment of counsel to assist him. On October 11, 2002, no action having been taken on his postconviction pleadings, the defendant filed another motion for the appointment of counsel. On October 22, 2002, the circuit court appointed counsel for the defendant and ordered that any amendments to the petition be filed within 90 days. On November 12, 2002, the defendant's court-appointed counsel entered his appearance and filed a motion for discovery. On January 10, 2003, the defendant's counsel filed a certificate pursuant to Supreme Court Rule 651(c) (134 Ill. 2d R. 651(c)) stating that he had consulted with the defendant, examined the record of the trial proceedings, and made any necessary amendments to the *pro se* petition.

On February 7, 2003, the defendant filed a *pro se* motion for leave to amend his postconviction petition, seeking to present numerous new claims of constitutional deprivations. On February 10, 2003, the circuit court of Marion County entered an order stating that it had reviewed the motion for leave to amend the postconviction petition. The order dismissed the amended petition as patently without merit on the grounds of waiver, *res judicata*, and untimeliness. Because both the amendment and the dismissal occurred more than 90 days after the filing of the original petition and after counsel had been appointed to represent the defendant, we find that the dismissal occurred during the second stage of the proceedings, when a *sua sponte* summary dismissal was not proper. At this stage of the proceedings, a dismissal can be granted only on the motion of the State.

The Act provides that upon the filing of a petition pursuant to the Act, the circuit court has 90 days in which to examine the petition and enter an order either dismissing the petition as frivolous or patently without merit or docketing the petition for further consideration in accordance with sections 122-4 through 122-6 of the Act (725 ILCS 5/122-4 through 122-6 (West 2004)). 725 ILCS 5/122-2.1 (West 2004). The Act states, "If the petition is not dismissed pursuant to this Section, the court *shall* order the petition to be docketed for further

3

consideration ***." (Emphasis added.) 725 ILCS 5/122-2.1(b) (West 2004).

If the petition survives this first stage of the proceedings and is docketed for further proceedings, it moves on to the second stage of the proceedings. For this stage, section 122-4 of the Act provides as follows: *if the petition is not dismissed pursuant to section 122-2.1 of the Act* (725 ILCS 5/122-2.1 (West 2004)) and the defendant is indigent and requests counsel, the court shall appoint counsel to represent the defendant. 725 ILCS 5/122-4 (West 2004). Section 122-5 provides that the State has 30 days from the time the petition is docketed for further proceedings in which to file an answer to the petition or a motion to dismiss the petition. 725 ILCS 5/122-5 (West 2004). If the petition survives a motion to dismiss, the State has 20 days in which to file an answer to the petition. 725 ILCS 5/122-5 (West 2004).

At the third stage of the proceedings, the court holds a hearing on the petition and either grants or denies the relief requested. 725 ILCS 5/122-6 (West 2004).

In the case at bar, the petition was not dismissed within 90 days pursuant to section 122-2.1. Thus, under the mandate of the Act ("[i]f the petition is not dismissed ***, the court shall order the petition to be docketed" (725 ILCS 5/122-2.1(b) (West 2004))), it appears the court was obligated to docket the petition for further consideration. Indeed, the circuit court appointed counsel for the defendant pursuant to section 122-4 of the Act, something the Act expressly provides can only be done "[i]f the petition is not dismissed pursuant to [s]ection 122-2.1" (725 ILCS 5/122-4 (West 2004)). The confusion in the case at bar arises because the defendant filed an *amended* postconviction petition after the initial 90-day time period had expired, which the circuit court apparently believed began a new 90-day time period for determining if the amended petition should be dismissed as frivolous or patently without

4

merit.[1]

In *People v. Greer*, 341 Ill. App. 3d 906, 910 (2003), the appellate court held that a trial court's power to summarily dismiss pursuant to section 122-2.1 on the basis that the petition is frivolous or patently without merit must be exercised within 90 days after the filing of the petition. After that time, the circuit court can no longer summarily dismiss the petition pursuant to section 122-2.1. Instead, the State is required to file an answer or a motion to dismiss. Where the circuit court has lost its power to dismiss pursuant to section 122-2.1 and the State has filed no motion to dismiss, the circuit court errs in dismissing the petition. See *People v. Porter*, 122 Ill. 2d 64, 85 (1988) (the time period in section 122-2.1 is mandatory, and a summary dismissal order entered beyond that time period is void). However, in *People v. Watson*, 187 Ill. 2d 448, 451 (1999), the supreme court held that the filing of an amended postconviction petition restarts the 90-day period during which the

_____

[1]There does not seem to be any dispute that the initial 90-day time period had expired and that the original petition could not have been summarily dismissed pursuant to section 122-2.1 of the Act. The dispute centers on whether the filing of an amended petition after the expiration of the original 90-day time period begins a new 90-day time period during which the circuit court may examine and summarily dismiss the amended petition as frivolous or patently without merit pursuant to section 122-2.1.

5

circuit court may summarily dismiss the petition as frivolous or patently without merit. In that case, the defendant filed a *pro se* postconviction petition in which he sought leave to file an amended petition, which was granted. During the initial 90-day time period, the defendant filed an amended petition. Within 90 days thereafter, the circuit court dismissed the amended petition as frivolous or patently without merit. On appeal, the defendant argued that the circuit court was not authorized to summarily dismiss the amended petition more than 90 days after the filing of the original petition. The supreme court disagreed, holding that the 90-day period restarted when the defendant filed his amended petition. *Watson*, 187 Ill. 2d at 451. The court held that the legislature had authorized a court considering a postconviction petition to allow amendments to the petition and that it would be unreasonable to authorize the court to allow amendments to the petition and yet require the court to rule on the amended petition within the period remaining for the consideration of the original petition. *Watson*, 187 Ill. 2d at 451.

In *Watson*, the defendant filed his amended petition on day 88 of the initial 90-day period, allowing the circuit court only 2 days in which to examine the amended petition to determine if it was frivolous or patently without merit. The supreme court found that this would be inadequate and unfair, working to the detriment of all, including both defendants and prosecutors. *Watson*, 187 Ill. 2d at 451. Accordingly, the court held that, when a defendant who has filed an original postconviction petition subsequently files an amended petition, the 90-day period in which the court must examine the amended petition and enter an order thereon is to be calculated from the filing of the amended petition.

We find it noteworthy that in *Watson*, the amended petition was actually filed within the initial 90-day time period during which a summary dismissal is allowed. Thus, in *Watson*, the proceedings had not yet passed from the first stage to the second stage. In *Watson*, the trial court never lost the power or authority to summarily dismiss the petition

6

pursuant to section 122-2.1, and the 90-day time period was extended upon the filing of the amended petition. In the case at bar, the proceedings had passed from the first stage to the second stage at the time the amended petition was filed, and the trial court had therefore lost its authority or power to summarily dismiss the petition pursuant to section 122-2.1.

We do not believe that *Watson* stands for the proposition that *any time* an amended petition is filed, the 90-day time period for summary dismissal starts anew. Counsel appointed in the second stage of the proceedings pursuant to section 122-4 of the Act must have the opportunity to amend the petition. *People v. Dredge*, 148 Ill. App. 3d 911, 912 (1986). To allow the summary dismissal of a petition that has been amended by counsel might deter counsel from making any amendment, for fear that it would make the petition vulnerable to a *sua sponte* summary dismissal by the circuit court. Furthermore, such a rule would not advance the purpose sought to be achieved by allowing a summary dismissal of the initial petition–to deter the filing of frivolous *pro se* petitions and save both the court and the prosecutor from having to expend time and resources on them. It must be assumed that counsel, who by signing a pleading certifies pursuant to Supreme Court Rule 137 (155 Ill. 2d R. 137) that it is well-grounded in fact and in law and is not interposed for an improper purpose, will not file a frivolous or patently unmeritorious petition. We acknowledge that in the case at bar the amended petition was filed *pro se* and was not signed by counsel. Nevertheless, we believe that once counsel has been appointed, any dismissal of the petition should be by adversary process, based on a motion to dismiss filed by the prosecutor, and not done *sua sponte* and summarily by the circuit court.

Furthermore, in the case at bar, where the amended petition was filed beyond the initial 90-day period of section 122-2.1, the original petition had already passed muster and must be deemed not to have been frivolous or patently without merit. The original petition was thus subject to a dismissal only upon the motion of the State. It stands to reason, then,

7

that the amended petition should also be subject to a dismissal only upon the motion of the State. Where the original petition has already passed into the second stage of the postconviction proceedings, necessitating either an answer or a motion to dismiss from the State and further proceedings thereon, it does not seem unduly burdensome to either the court or the prosecutor to require a motion to dismiss the amended petition. In *Watson*, the original petition had not passed muster and was still subject to a dismissal as frivolous or patently without merit at the time the amended petition was filed. Furthermore, counsel had not been appointed to represent the defendant. In that case, extending the 90-day time period for a summary dismissal is sensible and consistent with the purposes of the Act.

In *People v. Lara*, 317 Ill. App. 3d 905, 907 (2000), the appellate court interpreted the aforementioned precedents to mean that a summary dismissal more than 90 days after the petition is filed is void, unless the defendant requested leave to amend within the period for the trial court's first-stage review. We agree with this interpretation of the case law and hereby hold that once the postconviction proceedings have advanced from the first stage to the second stage by virtue of the expiration of the 90-day period set forth in section 122-2.1, the petition may not be summarily dismissed as frivolous or patently without merit. At the second stage of the proceedings, the petition may only be dismissed on the motion of the State as provided in section 122-5 of the Act.

Because in the instant case the defendant's amended petition was filed beyond the 90-day time period set forth in section 122-2.1, after counsel had been appointed and the proceedings had advanced to the second stage, the circuit court erred in *sua sponte* summarily dismissing the amended petition. Accordingly, we remand this cause to the circuit court for further proceedings on the amended petition.

Reversed; cause remanded.

DONOVAN and CHAPMAN, JJ., concur.

NO. 5-03-0117

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

_____

| | |
|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, ) | Appeal from the |
| ) | Circuit Court of |
| *Plaintiff-Appellee,* ) | *Marion County.* |
| ) | |
| v. ) | No. 86-CF-125 |
| ) | |
| FRANK VOLKMAR, ) | Honorable |
| ) | Dennis E. Middendorff, |
| *Defendant-Appellant.* ) | Judge, presiding. |

_____

**Opinion Filed**:  January 11, 2006

_____

**Justices**:  Honorable Thomas M. Welch, J.

Honorable James K. Donovan, J., and
Honorable Melissa A. Chapman, J.,
Concur

_____

**Attorneys**   Daniel M. Kirwan, Deputy Defender, Nancy L. Vincent, Assistant Defender, Office
**for**        of the State Appellate Defender, Fifth Judicial District, 730 E. Illinois Highway 15,
**Appellant**   Suite #1, Mt. Vernon, IL 62864

_____

**Attorneys**   Hon. James Creason, State's Attorney, Marion County Courthouse, P.O. Box 157,
**for**        Salem, IL 62881; Norbert J. Goetten, Director, Stephen E. Norris, Deputy Director,
**Appellee**    T. David Purcell, Staff Attorney, Office of the State's Attorneys Appellate Prosecutor,
730 E. Illinois Highway 15, P.O. Box 2249, Mt. Vernon, IL 62864

_____