No. 2--07--0293    Filed: 3-25-08

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of Du Page County. |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | No. 98--CF--1488 |
| RAUL C. CEJA, | ) ) | Honorable Kathryn E. Creswell, |
| Defendant-Appellant. | ) | Judge, Presiding. |

JUSTICE GROMETER delivered the opinion of the court:

This case is before us on defendant Raul C. Ceja's motion for summary remand. Defendant contends that the trial court improperly dismissed his petition under the Post-Conviction Hearing Act (Act) (725 ILCS 5/122--1 et seq. (West 2006)). We agree, and, for the reasons that follow, we vacate and remand.

A summary of the proceedings up until this point in the litigation would be helpful in understanding our disposition of this appeal. Hence, we set forth the following. After a jury trial in 1999, defendant was convicted of first-degree murder (720 ILCS 5/9--1 (West 1998)). On April 17, 1999, he was sentenced to death. Defendant appealed to the supreme court; that appeal was not resolved until April 2003. Meanwhile, defendant filed a pro se postconviction petition in August 2001. Also, Governor George Ryan commuted defendant's sentence to natural life in prison in January 2003. After seeking and receiving several continuances, defendant, through counsel, filed

an amended postconviction petition on November 30, 2006. The trial court dismissed the petition as frivolous and patently without merit on February 21, 2007.

Defendant appeals the trial court's decision. He reasons that since this was a capital case at the time the initial postconviction petition was filed, there was never a period during which the summary dismissal provision of the Act applied. See 725 ILCS 5/122--2.1(a) (West 2006). Further, even if the case is deemed to be a noncapital case due to the commutation of his sentence, the petition had already been pending for more than 90 days at the time the court dismissed it. Dispositive of defendant's argument is whether the filing of the amended petition triggered a new 90-day period during which the court could summarily dismiss his petition. We hold that it did not.

Before turning to the substance of defendant's contentions, we will address the State's argument that defendant waived any objection to the trial court summarily dismissing his petition. Specifically, the State invokes the invited-error doctrine. See, e.g., People v. Lopez, 187 Ill. App. 3d 999, 1007 (1989). It points out that defendant caused the lengthy delay in this case by seeking a myriad of continuances before amending his petition. But for these continuances, the State reasons, the trial court would have had an opportunity to dismiss the petition summarily. The State's waiver argument breaks down, however, because, as we explain in more detail below, when defendant filed his original petition, this was a capital case. Therefore, the petition was never subject to summary dismissal. Any delay caused by defendant did not cause the trial court to lose an opportunity to dismiss the petition.

Hence, the question before us is whether the trial court had the authority to dismiss defendant's amended petition. The Act establishes a three-stage procedure for adjudicating postconviction petitions. People v. Cummings, 375 Ill. App. 3d 513, 516 (2007). In the first stage,

"the circuit court determines whether defendant's allegations sufficiently demonstrate a constitutional violation that would necessitate relief, and the court may summarily dismiss a petition upon finding that it is frivolous or patently without merit." Cummings, 375 Ill. App. 3d at 516; see also 725 ILCS 5/122--2.1(a)(2) (West 2006). In a noncapital case, if the petition is not dismissed in the first stage, the court may appoint counsel for an indigent defendant, counsel may amend the petition, and the State may move to dismiss the petition. People v. Rish, 344 Ill. App. 3d 1105, 1110 (2003). In the third stage, the court conducts an evidentiary hearing and considers the merits of the petition. People v. Starks, 365 Ill. App. 3d 592, 598 (2006). In a capital case, there is no provision for a stage-one dismissal of a petition as frivolous or patently without merit. See 725 ILCS 5/122--2.1(a)(1) (West 2006). In essence, since there is no stage one in a capital case, the petition is automatically docketed for further proceedings. See 725 ILCS 5/122–2.1(a), (b) (West 2006). Because this was a capital case when defendant first sought postconviction relief, there was never a time when defendant's petition could have been dismissed summarily by the trial court. This straightforward application of the provisions of the Act normally would be enough to resolve this appeal.

The State, however, raises an additional argument we must consider. It contends that the subsequent commutation of defendant's sentence coupled with the filing of an amended petition created a new window in which the case could be summarily dismissed. A number of cases touch upon this issue. The First District case of People v. Smith, 312 Ill. App. 3d 219 (2000), shares a number of similarities with this case, but also has one important difference. In Smith, the defendant filed a postconviction petition while under a sentence of death. Subsequently, the Illinois Supreme Court, on direct appeal, vacated the defendant's death sentence. People v. Smith, 177 Ill. 2d 53, 101 (1997). The trial court then summarily dismissed the defendant's postconviction petition. The

petition was dismissed more than 90 days after it was filed. The State argued that when the supreme court vacated the defendant's sentence of death, it restored the trial court's power to summarily dismiss the petition and created a new 90-day period in which the petition could be dismissed. The Smith court rejected this argument, explaining that "Illinois case law provides that the statutory time limit of 90 days is mandatory [citation] and begins to run upon the 'filing and docketing of each petition' [citation]. There are no exceptions to this rule." Smith, 312 Ill. App. 3d at 223. It then held that "any action taken by the trial court pursuant to section 122--2.1(a) of the Post-Conviction Hearing Act must be taken '[w]ithin 90 days after the filing and docketing of each petition.'" Smith, 312 Ill. App. 3d at 224, quoting 725 ILCS 5/122--2.1(a) (West 1996).

Smith teaches us that the mere fact that defendant's death sentence was commuted did not create a new 90-day period in which the trial court could dismiss defendant's petition. However, Smith differs from this case in that it did not involve an amended petition. Thus, we must consider whether the filing of the amended petition here somehow leads to a different result.

It is true that filing an amended petition during stage one of postconviction proceedings causes a new 90-day period to run from the time of the filing. In People v. Watson, 187 Ill. 2d 448, 451 (1999), our supreme court held, "when a defendant who has filed an original post-conviction petition subsequently files an amended petition, the 90-day period in which the court must examine the defendant's petition and enter an order thereon is to be calculated from the filing of the amended petition." The Watson court was concerned with what it termed the "unreasonableness" of the defendant's position:

> "After requesting and receiving leave to amend his original petition, defendant mailed the amended petition on the eighty-eighth day of the original period. Under defendant's

suggestion, the circuit court would then have had only two days to consider the merits of the amended petition. Such a truncated time frame to consider the petition would be both inadequate and unfair. Such a rule could work only to the detriment of all, including both defendants and prosecutors." Watson, 187 Ill. 2d at 451.

Watson's holding would seem to support the State's position.

However, in People v. Harris, 224 Ill. 2d 115, 130 (2007), the court qualified Watson, explaining that "in Watson the amended petition was filed before the initial 90-day period expired." It continued, "In other words, during the initial 90-day period, the petition was replaced by a new petition, and the 90-day period began anew." Harris, 224 Ill. 2d at 130. The court then noted, "[t]here is no provision in the Act allowing the trial court to delay the beginning of the 90-day period when a petition is pending before it." Harris, 224 Ill. 2d at 130. Therefore, the rule set forth in Watson, that the filing of an amended petition causes a new 90-day period to run, applies only while postconviction proceedings are still in the first stage.

Indeed, in People v. Volkmar, 363 Ill. App. 3d 668, 672 (2006), the Fifth District discussed Watson and concluded, "We do not believe that Watson stands for the proposition that any time an amended petition is filed, the 90-day time period for summary dismissal starts anew." (Emphasis in original.) Rather, the court stated, "[W]e believe that once counsel has been appointed, any dismissal of the petition should be by adversary process, based on a motion to dismiss filed by the prosecutor, and not done sua sponte and summarily by the circuit court." Volkmar, 363 Ill. App. 3d at 673. We find the court's reasons for taking this position persuasive.

The Volkmar court based its decision upon the purposes behind the procedures set forth in section 122--2.1 of the Act (725 ILCS 5/122--2.1 (West 1996)). It first explained the purpose behind

the summary dismissal provision, which is to "deter the filing of frivolous pro se petitions and save both the court and the prosecutor from having to expend time and resources on them." Volkmar, 363 Ill. App. 3d at 672-73. Once proceedings pass to the second stage--when counsel is appointed-- there is no need for such frivolity review, in that "[i]t must be assumed that counsel, who by signing a pleading certifies pursuant to Supreme Court Rule 137 (155 Ill. 2d R. 137) that it is well-grounded in fact and in law and is not interposed for an improper purpose, will not file a frivolous or patently unmeritorious petition." Volkmar, 363 Ill. App. 3d at 673. Also, counsel, unlike a layperson, is bound by Rule 3.3 of the Illinois Rules of Professional Conduct, which provides that "[a] lawyer shall not bring or defend a proceeding, or assert or controvert an issue therein, unless there is a basis for doing so that is not frivolous." 134 Ill. 2d R. 3.3. Furthermore, the Volkmar court also noted that allowing a new 90-day period in which a petition could be dismissed would entail a potential consequence that the legislature likely did not intend: "To allow the summary dismissal of a petition that has been amended by counsel might deter counsel from making any amendment, for fear that it would make the petition vulnerable to a sua sponte summary dismissal by the circuit court." Volkmar, 363 Ill. App. 3d at 672.

In sum, we agree with the Volkmar court. The presence of counsel once a defendant gets beyond that first stage of postconviction proceedings obviates the need for judicial review for frivolity. Hence, there is no reason to revive the period in which the petition could be summarily dismissed. The State points out that, in this case, counsel was appointed because of the death sentence. We do not see the relevance of the reason for the appointment. Counsel is always bound by Supreme Court Rule 137 (155 Ill. 2d R. 137), and that is a sufficient safeguard against the filing of a frivolous or patently meritless petition.

The State points briefly to People v. Lara, 317 Ill. App. 3d 905, 907 (2000), in support of its position. Lara, however, did not involve a summary dismissal of a postconviction petition. Lara, 317 Ill. App. 3d at 908. Nevertheless, it did restate the rule from Watson: "A summary dismissal entered more than 90 days after the petition was filed is void, unless the defendant requested leave to amend within the period for the trial court's first-stage review." (Emphasis added.) Lara, 317 Ill. App. 3d at 907. Hence, Lara does not help the State.

Finally, the State asserts that "there would be no practical value to remanding this cause to the trial court for further proceedings, as the trial court would likely then dismiss the petition upon a motion by the People." In essence, this is a harmless-error argument; however, the State cites no authority indicating that the error committed by the trial court in this case is amenable to a harmless-error analysis. Accordingly, this contention is waived. People v. Acevedo, 191 Ill. App. 3d 364, 366 (1989).

Before closing, we emphasize that the foregoing discussion is not intended to supplant any of the bright-line rules set forth in the Act. In accordance with the Act's provisions, a trial court may dismiss a petition as frivolous or patently without merit during stage one and not thereafter, regardless of whether counsel is involved in the case. Though it is typically the case that counsel is not involved during stage-one proceedings and is involved thereafter, the rule remains as it has always been stated in the Act. We intended only to examine the State's argument regarding revival of a 90-day summary dismissal period in the context of the policies that the mechanics of the Act serve.

Accordingly, we grant defendant's motion for summary remand. We vacate the order dismissing defendant's postconviction petition and remand this cause for further proceedings.

Vacated and remanded.

CALLUM, J., concurs.

JUSTICE O'MALLEY, specially concurring:

I write separately because I disagree with the majority's decision to adopt the flawed reasoning expressed in Volkmar. As the majority notes, Volkmar states that postconviction petitions should not be summarily dismissed at the second stage because, once a petition has reached the second stage and counsel has been appointed, frivolity review would be redundant with the mandate from Rule 137 that counsel certify that filed pleadings are well grounded in fact and law. Slip op. at 5-6; see Volkmar, 363 Ill. App. 3d at 672-73. Thus, according to Volkmar, "once counsel has been appointed, any dismissal of the petition should be by adversary process, *** not done sua sponte and summarily by the circuit court." (Emphasis added.) Volkmar, 363 Ill. App. 3d at 773. This is wrong. Contrary to the reasoning in Volkmar, the circuit court's power to dismiss a postconviction petition summarily does not hinge on the question of whether counsel has been appointed; it hinges on the status of the petition. Quite simply, a petition in the first stage of postconviction proceedings may be dismissed summarily; a petition that has advanced past the first stage may not be dismissed summarily.

Volkmar's erroneous reliance on the presence of counsel suggests at least two results that contravene the Act. First, under Volkmar, a petition filed by retained counsel at the first stage could not be dismissed summarily at the first stage, because the petition would bear the certification of counsel pursuant to Rule 137. Second, if a defendant were to elect to proceed pro se after his petition survived first stage review, Volkmar would allow the trial court to dismiss his petition summarily at either stage two or stage three, because the petition would lack the certification of

counsel pursuant to Rule 137.

The basis for Volkmar's reasoning is that, once counsel has been retained or appointed, the certification requirements of Rule 137 apply, and a court will thereby have the necessary assurance that a petition is not frivolous. However, Rule 137 does not govern only attorneys. It provides that "[a] party who is not represented by an attorney shall sign his pleading ***. *** The signature of an attorney or party constitutes a certificate by him that *** [the pleading] is well grounded in fact and is warranted by existing law." (Emphasis added.) 155 Ill. 2d R. 137. Thus, Rule 137 does not supply any basis to distinguish pro se petitions from those filed with the assistance of counsel, and Volkmar's reliance on it is misplaced.

The majority deems Volkmar's reasoning "persuasive" (slip op. at 5), declares that it "agree[s] with the Volkmar court" (slip op. at 6), and echoes the sentiment from Volkmar that "[t]he presence of counsel once a defendant gets beyond [the] first stage *** obviates the need for judicial review for frivolity" (slip op. at 6). The majority follows these endorsements of Volkmar with the hollow assurance that its discussion "is not intended to supplant any of the bright-line rules set forth in the Act" and the incongruous (albeit correct) explanation that "a trial court may dismiss a petition as frivolous or patently without merit during stage one and not thereafter, regardless of whether counsel is involved in the case." Slip op. at 7. These statements, which appear as an afterthought in the penultimate paragraph of the majority opinion, fall flat in light of the majority's actual reasoning.

In my view, the majority should rely on the Act, not Volkmar, to reach the result that defendant's petition should be remanded for second-stage postconviction proceedings.