2016 IL App (3d) 140586

Opinion filed December 19, 2016

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2016

| THE PEOPLE OF THE STATE OF | ) | Appeal from the Circuit Court |
|---|---|---|
| ILLINOIS, | ) | of the 14th Judicial Circuit, |
| | ) | Rock Island County, Illinois, |
| Plaintiff-Appellee, | ) | |
| | ) | Appeal No. 3-14-0586 |
| v. | ) | Circuit No. 06-CF-696 |
| | ) | |
| JASON J. THOMPSON, | ) | Honorable |
| | ) | F. Michael Meersman, |
| Defendant-Appellant. | ) | Judge, Presiding. |

JUSTICE McDADE delivered the judgment of the court, with opinion.
Justices Lytton and Wright concurred in the judgment and opinion.

**OPINION**

¶ 1     Defendant, Jason J. Thompson, appeals the denial of his postconviction petition at the

second stage of proceedings. Defendant contends that the trial court erred in denying his petition

without holding an evidentiary hearing. We reverse and remand for a third-stage evidentiary

hearing.

¶ 2                                    FACTS

¶ 3     Following a stipulated bench trial, defendant was found guilty of two counts of first

degree murder (720 ILCS 5/9-1(a)(2), (a)(3) (West 2006)). The trial court sentenced defendant to

60 years' imprisonment. At the sentencing hearing, the trial court indicated that the two counts would merge into one conviction. However, the written sentencing order stated that defendant was sentenced to 60 years' imprisonment on each count of first degree murder, to be served concurrently. On direct appeal, we affirmed defendant's conviction. *People v. Thompson*, No. 3-08-0132 (2009) (unpublished order under Supreme Court Rule 23).

¶ 4 Defendant filed a *pro se* postconviction petition. The petition argued that defendant's arrest was void and his subsequent statements to the police should have been suppressed because he was arrested without a warrant and held for an unduly long period of time before his probable cause hearing. The trial court found that defendant's *pro se* petition presented the gist of a constitutional claim and ordered that the petition be docketed for further postconviction proceedings.

¶ 5 Defendant filed a *pro se* "Supplemented Post-Conviction Petition" arguing that "Illinois Revised Statutes, Ch38 [*sic*], sec. 109-1(a)" was unconstitutional and void because it provided no legal remedy for a violation of fourth amendment rights.

¶ 6 Defendant then filed an amended postconviction petition through counsel. The petition argued that defendant received ineffective assistance of trial and appellate counsel. Specifically, the petition argued that defendant's due process rights were violated when (1) two first degree murder judgments were entered against him for the murder of the same individual and (2) the sentencing judge "based his sentencing on his personal belief that people like the defendant don't deserve mercy from the court and *** are a real threat to society." The amended petition also argued that appellate counsel was ineffective for failing to raise these issues. The amended petition also sought "incorporation of the arguments contained within and the Affidavits attached to [defendant's] *pro se* Petition for Post-Conviction Relief."

¶ 7    Defendant then filed a *pro se* "Motion for Leave to File Supplemental Claims in the Currently Pending Amended Post-Conviction Petition." The motion alleged that postconviction counsel failed to include several claims in the amended petition that defendant believed to be meritorious. Defendant argued that he should be able to present all of his postconviction claims to the court even if his postconviction counsel did not "agree" with all of his claims.

¶ 8    Defendant also filed a *pro se* "Supplemental Amended Post-Conviction Petition." The supplemental petition argued that (1) trial counsel was ineffective for failing to raise various objections to the photographic lineups at the suppression hearing, (2) trial counsel was ineffective for failing to raise a meritorious fourth amendment claim based on defendant being held by the police for an unduly long period of time before he was taken before a judge for a probable cause hearing, and (3) section 109-1(a) of the Code of Criminal Procedure of 1963 (725 ILCS 5/109-1(a) (West 2006)), which provided that a person arrested for a crime shall be taken "without unnecessary delay before the nearest and most accessible judge in that county," was unconstitutional in that it was vague and ambiguous and provided no remedy for noncompliance.

¶ 9    On September 27, 2013, the trial court held a "second stage hearing." The trial court stated that it had read the trial transcript, the file, the amended postconviction petition filed through counsel, and defendant's various *pro se* filings. The trial court said it would consider defendant's *pro se* supplemental claims even though postconviction counsel did not adopt them. Both postconviction counsel and the assistant State's Attorney stated that they did not wish to present any evidence.

¶ 10    After hearing arguments, the trial court dismissed the amended petition. The trial court found that only one conviction for first degree murder had been entered and that the sentencing judge did not err in sentencing defendant to 60 years' imprisonment. The trial court also denied

relief based on defendant's *pro se* supplemental claims. Postconviction counsel filed a notice of appeal on behalf of defendant.

¶ 11    Defendant filed a *pro se* motion to reconsider. The motion alleged that postconviction counsel filed a notice of appeal without consulting defendant. The motion argued that the trial court erred in dismissing the postconviction petition because the State had not answered the petition or filed a motion to dismiss.

¶ 12    We dismissed defendant's appeal and ordered the trial court to rule on defendant's motion to reconsider. *People v. Thompson*, No. 3-13-0735 (Nov. 18, 2013) (dispositional order).

¶ 13    A hearing was held following our dismissal of the appeal. Postconviction counsel stood on the grounds for reconsideration in the *pro se* motion to reconsider. The State argued that "[a]ny potential penalties for the State's failure to file [an answer or a motion to dismiss] does not include granting the petition." Ultimately, the trial court ordered the State to file an answer or a motion to dismiss.

¶ 14    On June 5, 2014, the State filed an answer to the amended petition filed by counsel. The answer admitted the allegations contained in the postconviction petition. The answer stated that the court entered judgment on one count of first degree murder but the judgment order erroneously showed two convictions and sentences for first degree murder. The answer stated that this was a "typographical error" and that the conviction and sentence on the second count of first degree murder should be vacated. Regarding the allegations in the petition that the sentencing judge based the sentence on improper factors, the answer stated as follows:

> "Respondent admits that the sentencing court made the comment alleged, but that must be considered in the context of the case. In the evidence, the Court heard that Petitioner confessed to police the day after shooting that he shot the victim

4

solely to steal the victim's cannabis and money. He also admitted there was no provocation for the shooting other than the robbery. Taken in context the Court's statement is and was reasonable and based upon the evidence."

¶ 15 A hearing was held after the State filed its answer. The trial court indicated that the hearing was "in relation to a motion to reconsider my dismissal of [defendant's] second-stage post-conviction petition." The trial court ruled as follows:

"I have reviewed the files again and gone over this. I've gone over the motion to reconsider, the State's answer, and, again, the Defendant and his counsel both of their responses to the State's motion. The State acknowledges that they need to do a new sentencing order in relation showing that there's only one conviction for the First-Degree Murder.

The other matters, again, that I made my ruling back earlier as far as the dismissal of the motion to reconsider or the reason I dismissed the post-conviction petition, I haven't changed my mind. I think I was right then. I think I'm right now.

The State is to file a new sentencing order in relation to the First-Degree Murder charge as far as Count 1 and Count 2 had merged into that. The rest of the Defendant's post-conviction allegations are denied, the motion to reconsider is denied except for the change of the sentencing order."

¶ 16 The trial court entered an amended judgment order showing that defendant was convicted of only one count of first degree murder.

¶ 17                                    ANALYSIS

¶ 18        Defendant contends that the dismissal of his postconviction petition at the second stage of

proceedings, without holding an evidentiary hearing, was improper because the State answered

the petition rather than filing a motion to dismiss. We agree. See *People v. Pendleton*, 223 Ill. 2d

458, 472-73 (2006); *People v. Volkmar*, 363 Ill. App. 3d 668, 670 (2006); *People v. Andrews*,

403 Ill. App. 3d 654, 658-59 (2010); *People v. Snow*, 2012 IL App (4th) 110415, ¶ 14.

¶ 19        Our supreme court has described the procedure for the second and third stages of

postconviction proceedings as follows:

> "At the second stage of postconviction proceedings, counsel may be
> appointed for defendant, if defendant is indigent. [Citation.] ***
>
> After counsel has made any necessary amendments to the petition, the
> State may move to dismiss a petition or an amended petition pending before the
> court. [Citation.] If that motion is denied, or if no motion to dismiss is filed, the
> State must answer the petition, and, barring the allowance of further pleadings by
> the court, the proceeding then advances to the third stage, a hearing wherein the
> defendant may present evidence in support of the petition. [Citation.] *Pendleton*,
> 223 Ill. 2d at 472-73.

¶ 20        Here, the trial court advanced defendant's postconviction petition to the second stage of

proceedings and appointed counsel. Counsel filed an amended petition. The trial court eventually

directed the State to file a motion to dismiss or an answer to the petition, and the State chose to

answer the petition. We hold that, because the State filed an answer rather than a motion to

dismiss, the trial court erred in dismissing the petition and should have advanced the petition to a

third-stage evidentiary hearing. See *id*.; *Volkmar*, 363 Ill. App. 3d at 670 (holding that a

6

dismissal can be granted only on the motion of the State at the second stage of postconviction proceedings); *Andrews*, 403 Ill. App. 3d at 658-59 ("If the trial court does not grant the State's motion to dismiss or if the State has filed an answer, the petition proceeds to the third stage, where the defendant may present evidence in support of his petition."); *Snow*, 2012 IL App (4th) 110415, ¶ 14 ("If the State does not file a motion to dismiss or the court denies such a motion, the petition advances to the third stage, wherein the court holds a hearing at which the defendant may present evidence in support of his or her petition.").

¶ 21     In reaching our holding, we reject the State's argument that "established law" provides that the trial court must make an independent determination at the second stage of proceedings as to whether the petition makes a substantial showing of a constitutional violation regardless of whether the State files a motion to dismiss. Stated another way, the State contends that it is of no consequence that it filed an answer rather than a motion to dismiss because, in either scenario, the trial court must determine whether the petition made a substantial showing of a constitutional violation before advancing it to the third stage. In support of its argument, the State cites *People v. Edwards*, 197 Ill. 2d 239, 246 (2001): "At [the second] stage, the circuit court must determine whether the petition and any accompanying documentation make a substantial showing of a constitutional violation." The State reads the foregoing statement too broadly. Instead, we find that the statement merely describes the standard the trial court is to apply when ruling on a second-stage motion to dismiss. See *People v. Demitro*, 406 Ill. App. 3d 954, 956 (2010) ("To withstand a second-stage motion to dismiss, the defendant must make a substantial showing that his constitutional rights have been violated, taking all well-pled facts as true."); see also *People v. Flowers*, 2015 IL App (1st) 113259, ¶ 31.

7

¶ 22     The State also points to *People v. Gaultney*, 174 Ill. 2d 410, 418 (1996), in support of its argument that the trial court must make an independent second-stage determination regarding whether a postconviction petition makes a substantial showing of a constitutional violation. Specifically, the State relies on the following sentence in *Gaultney*: "If the circuit court does not dismiss or deny the petition [at the second stage of proceedings], the proceeding advances to the third stage." *Id*. The State contends that the only way the trial court could ever deny a petition at the second stage of proceedings would be to "make some sort of finding."

¶ 23     We note that *Gaultney* did not involve a trial court dismissing or denying a postconviction petition at the second stage of proceedings for failing to make a substantial showing of a constitutional violation absent a motion to dismiss. Rather, the issue in *Gaultney* was the effect of the State filing a motion to dismiss at the first stage of proceedings rather than the second stage. *Id*. at 416. The State does not point to any cases in which a court actually held that a postconviction petition was properly denied or dismissed at the second stage of proceedings absent a motion to dismiss.

¶ 24     We reject the State's contention that our holding "would completely negate the role of the trial judge in the process" in that a postconviction petition would move forward to the third stage "automatically" if the State did not file a motion to dismiss. There is nothing "automatic" about a postconviction petition's advancement to the third stage. Pursuant to section 122-5 of the Post-Conviction Hearing Act (725 ILCS 5/122-5 (West 2014)), the State is free to file a motion to dismiss at the second stage of proceedings if it would like the trial court to dismiss the petition based on its insufficiency of the petition. If the State elects instead to answer the petition, the State chooses to have the trial court resolve the issues raised in the postconviction petition following an evidentiary hearing. *Snow*, 2012 IL App (4th) 110415, ¶ 14.

¶ 25 We also reject the State's argument that its answer was "part answer and part dismissal." The State's argument ignores the fact that an answer and a motion to dismiss are categorically different pleadings:

> "An answer and a motion to dismiss, though, are by no means related. By its answer, a party either admits or denies the allegations contained in the complaint, thereby framing the issues to be resolved later by litigation. A motion to dismiss, on the other hand, attacks the sufficiency of the complaint." *Tyler v. J.C. Penney Co.*, 145 Ill. App. 3d 967, 972 (1986).

¶ 26 The State's failure to concede the postconviction claim regarding the sentencing comments within its answer does not somehow act to transform the answer into a motion to dismiss. Simply put, the answer did not request that the court dismiss the amended petition nor did it argue that the petition failed to make a substantial showing of a constitutional violation. Rather, the effect of the answer's denial of the sentencing comments claim was to frame the scope of the dispute to be resolved at an evidentiary hearing.

¶ 27                                    CONCLUSION

¶ 28 The judgment of the circuit court of Rock Island County is reversed, and the cause is remanded for a third-stage evidentiary hearing.

¶ 29 Reversed and remanded.